TRAVIS DICKERSON,

        Plaintiff,

        v.                                    Case No. 23-cv-890-bhl

DENITA BALL, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Travis Dickerson, who is currently in custody at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dickerson's motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Dickerson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Dickerson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $6.67. Accordingly, the Court will grant Dickerson's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

Further, Rules 18 and 20 require that "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes

2

provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

The Court will dismiss the original complaint for violation of Rules 8, 18, & 20. Dickerson's "complaint" is a compilation of 19 disjointed pages of hand-written grievances, miscellaneous pages from the Milwaukee County Jail Occupant Handbook, several different Milwaukee County Corrections Healthcare Forms, and a "petition for inhumane living conditions" signed by Dickerson and four other inmates at the jail. *See* Dkt. No. 1. Among other things, Dickerson complains that Assistant District Attorney (ADA) Erin Karshen filed a motion to rescind his telephone privileges in his state court criminal case; that his right to talk to his attorney was violated; that his legal mail was improperly confiscated; that he has been incarcerated "for an extended period of time;" that clothing, linen, and the jail itself are not properly cleaned; that he does not have access to hygiene products such as soap and tissue; and that he did not get proper medical care for his allergies, dry skin, and rashes. *Id*. at 2-4, 6, 11-12, & 17-19. Dickerson also states that Denita Ball, the Milwaukee County Sheriff, failed to adequately supervise and train her employees. *Id*. at 11.

Before this case goes any further, the Court will require Dickerson to file an amended complaint that complies with Rules 8, 18, and 20. The amended complaint must provide a simple, concise, and direct statement of his claims. Dickerson does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did. The amended complaint must also only include properly joined defendants and claims.

As Dickerson considers what facts and information to include in his amended complaint, he should be aware of three things. First, there is no supervisory liability under §1983. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). To the extent Dickerson wishes to proceed on a conditions-of-confinement claim or a denial of medical care claim, he must identify *who* specifically was notified about his circumstances and what that person(s) said or did to violate his constitutional rights. Ball is not liable simply because she is sheriff of Milwaukee County nor is Milwaukee County liable because its employees did not follow the jail's written policy.

Second, Dickerson can join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents *and* involves questions of law or fact that are common to all defendants. *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). This means that Dickerson likely cannot bring his conditions-of-confinement claim (likely involving correctional staff) and his denial of medical care claim (likely involving medical staff) in the same lawsuit unless there are overlapping defendants, facts, and legal issues.

And finally, third, Dickerson should not continue realleging claims that have already been dismissed in prior lawsuits or that are encompassed within other lawsuits. For example, the Court has already advised Dickerson in one of his many prior lawsuit filings that prosecutors are entitled

4

to absolute immunity from suit under §1983 for actions taken in their prosecutorial capacity, *see Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011), and therefore he does not have a claim against ADA Karshen for pursuing criminal charges against him or for filing a motion to rescind his telephone privileges. *See Dickerson v. Milwaukee County, et al.*, case no. 22-cv-500-bhl. Similarly, the Court has already allowed Dickerson to proceed on claims involving the confiscation of his legal mail in two other lawsuits pending before this Court. *See Dickerson v. Milwaukee County, et al.*, case no. 22-cv-1432-bhl; *see also Dickerson v. Milwaukee County, et al.*, case no. 23-cv-599-bhl. Dickerson should not continue realleging these claims in every lawsuit he brings in this district. As noted above, he should simply file a short and direct amended complaint, which only includes related facts, claims, and defendants.

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court will also include a blank prisoner amended complaint form. The Court will require Dickerson to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Dickerson believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> typed, double-spaced pages total.

Dickerson is advised that the amended complaint must bear the docket number assigned to this case and must be complete in itself without reference to prior versions of the complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). The amended complaint must also answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? If Dickerson files an amended

complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Dickerson does not file an amended complaint, the Court will likely dismiss this case.

CONCLUSION

**IT IS THEREFORE ORDERED** that Dickerson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8, 18, & 20. Dickerson may file an amended complaint that complies with the instructions in this order within **30 days** of the date of this order. If Dickerson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Dickerson does not file an amended complaint, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Dickerson a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Dickerson shall collect from his institution trust account the **$343.33** balance of the filing fee by collecting monthly payments from Dickerson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Dickerson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dickerson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dickerson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge