TRAVIS DICKERSON,

        Plaintiff,

       v.                                         Case No. 23-cv-890-bhl

MILWAUKEE COUNTY,

        Defendant.

## ORDER

On July 5, 2023, Plaintiff Travis Dickerson, who is currently in custody at the Milwaukee County Jail and representing himself, filed this, his latest, lawsuit relating to his confinement at the Jail. Dickerson invokes 42 U.S.C. §1983 and alleges that his civil rights were violated in a variety of unrelated ways. Dkt. No. 1. On September 5, 2023, the Court screened and dismissed the original complaint for violation of Federal Rules of Civil Procedure 8, 18, & 20. Dkt. No. 10. The Court explained that Dickerson could not bring all of his many disparate grievances, including unrelated complaints about: (1) his telephone privileges; (2) his right to talk to his attorney; (3) his legal mail, (4) his alleged "extended" incarceration; (5) his medical care (allergies, dry skin, and rashes); and (6) his conditions of confinement (lack of clean clothing/linen/hygiene products), in the same lawsuit unless there were questions of law or fact common to all defendants. *Id*. The Court allowed Dickerson the chance to file an amended complaint that included only related claims and defendants and gave him until October 5, 2023 to do so, if he wanted to proceed with this case. *Id*.

On September 28, 2023, Dickerson filed an "amended complaint." Dkt. No. 11. Rather than selecting a claim or series of claims, however, Dickerson's filing provided and explanation for why he was unable to timely file a trust account statement in a different lawsuit: *Dickerson v. Milwaukee County, et al.*, case no. 23-cv-1104. *Id.* About a week later, on October 4, 2023, the Court received Dickerson's trust account statement in 23-1104, and that same day, he filed what appears to be an actual amended complaint in this case. *See* Dkt. No. 12. The Court will construe the filings in Dickerson's favor and presume that he wishes to proceed with the claims identified in his most recent filing, which the Court will now screen.

## ALLEGATIONS OF THE AMENDED COMPLAINT

On February 16, 2021, Dickerson was transferred from the Milwaukee County "House of Corrections" to the Milwaukee County Jail. Dkt. No. 12 at 2. During the transfer, Dickerson lost the following items of personal property:

1. Collection of Real Estate #15 Books ($1,000)
2. Real Estate Correspondence Course ($6,500)
3. Business Plan for Real Estate ($6,000)
4. Business Plan for Real Estate ($6,000)
5. Business Blueprints
6. Stock Certificate—Magnetic Products Inc. ($100 million in stocks)
7. Stock Certificate—Foxbot Technology Inc. ($100 million in stocks)
8. Legal Mail

*Id.* at 2 & 4. Dickerson attempted to exhaust administrative remedies through the jail's kiosk, to no avail. *Id.* at 2-3. On March 2, 2022, Dickerson filed a notice of claim against Defendant Milwaukee County with Milwaukee County Clerk George L. Christenson. *Id.* at 3. For relief, Dickerson seeks monetary damages for the value of his lost property. *Id.* at 5.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Fourteenth Amendment prohibits the State from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XVI. "[U]sually... the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). But the United States Supreme Court has drawn an exception to this general rule for "random and unauthorized" deprivations of property. *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)). A deprivation of property is "random and unauthorized" if it is unpredictable, meaning the State cannot predict when or if a deprivation will occur prior to the moment of deprivation. *Id*. "Random and unauthorized" deprivations of property are cured with post-deprivation remedies in state court. *Id*. When the State provides adequate post-deprivation remedies, "the requirements of due process are satisfied [,] and the plaintiff may not maintain a §1983 suit in federal court." *Wilson v. Civil Town of Clayton, Ind*., 839 F.2d 375, 383 (7th Cir. 1988).

As the Court has previously explained to Dickerson in prior cases, lost property is the quintessential example of a "random and unauthorized" deprivation of property that the state could not predict ahead of time. *See Parratt,* 451 U.S. at 543–44 (overruled on other grounds). Wisconsin state law has adequate post-deprivation remedies for those whose property has been lost while in state custody. *See Coleman v. Kiefer*, No. 21-CV-0940-BHL, 2021 WL 4502735, at *3 (E.D. Wis. Oct. 1, 2021); s*ee also Johnson v. Wallich*, 578 F. App'x. 601, 602 (7th Cir. 2014) (concluding that there is no Fourteenth Amendment due process claim for random and unauthorized deprivations of property in light of Wisconsin state law that has both "tort remedies"

and "certiorari review" under the inmate-complaint review system for property that has been wrongfully taken or detained by state officers or officials while incarcerated); *see Rabideau v. City of Racine*, 2001 WI 57, ¶37, 243 Wis. 2d 486, 627 N.W.2d 795 (noting that a claim for property loss is a "widely recognized" tort claim to recover monetary damages and a plaintiff can file such a claim against a Wisconsin municipality). Because Dickerson has adequate post-deprivation remedies under Wisconsin state law for his lost property, his amended complaint fails to state a claim under the Fourteenth Amendment.

This is the fourth time the Court has explained this law to Dickerson. *See Dickerson v. Bloome, et al.*, case no. 22-cv-500-bhl, Dkt. No. 9 at 4, 6-7, *Dickerson v. Milwaukee County, et al.,* case no. 22-cv-1432-bhl, Dkt. No. 11 at 3, 5-6, and *Dickerson v. Milwaukee County, et al.,* case no. 23-cv-599-bhl, Dkt. No. 16 at 3-4. In his latest filing, Dickerson tries to evade the legal barriers to his constitutional claims by invoking state law. On the form for his amended complaint, he has checked a box indicating he now wished to sue under state law. Dkt. No. 12 at 5. This is a change in course; his prior complaints in this case indicated that he was suing under federal law. Dkt. No. 1 at 5; Dkt. No. 11 at 7. This tactical switch does not help him. This Court does not have jurisdiction over purely state law claims when the parties are citizens of the same state. *See* 28 U.S.C. § 1332(a)(1). Accordingly, Dickerson cannot proceed with state law claims against Defendant Milwaukee County here, because the defendant is a citizen of Wisconsin. *Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973) ("[A] political subdivision of a State...is a citizen of the State for diversity purposes."). Indeed, Dickerson affirmatively alleges that both he and Milwaukee County are citizens of the same state. Dkt. No. 1 at 1. The Court will therefore dismiss this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of the filing fee (Dkt No. 13) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.